# THE SUPREME COURT

OF

## PENNSYLVANIA.

WESTERN DISTRICT—PITTSBURGH 1877.

86    15
19 SC ¹197

## Commonwealth *ex rel.* The Attorney-General *versus* Walter.

1. In a suggestion for a writ of quo warranto an averment that money was paid by respondent to M., for other than the necessary and proper expenses expressly authorized by the Act of 1874, "but for corrupt and illegal purposes in procuring his election," sufficiently charges a violation of said act, and brings the respondent within the prohibition of sect. 9, art. 8, of the constitution.

2. The respondent demurred to the whole of the suggestion. *Held,* that the demurrer was an admission of all the facts well pleaded in the suggestion, and judgment for the Commonwealth having been given upon the demurrer, judgment of ouster must follow.

3. After the writ of error was sued out the President Judge of the court below filed a certificate to the effect that the demurrer while general in form was in fact confined to a special point. Per Paxson, J.: The certificate was no part of the record, although filed in the case, and it may well be questioned whether the unofficial declaration of the judge can be received to contradict his own record.

November 16th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Butler county.* Of October and November Term 1877, No. 287.

Quo warranto issued upon the suggestion of the Attorney-General against George Walter, requiring him to show by what authority he exercised the functions and received the emoluments of the office of high sheriff of Butler county.

It was averred, in the suggestion, that said Walter had been returned as elected in November 1875; " that while a candidate for

(15)

[Commonwealth *ex rel.* Attorney-General *v.* Walter.]

said office he was wilfully and corruptly guilty of bribery, fraud and the wilful violation of the election laws of the Commonwealth, in that he offered and promised one John McLure to make him his deputy, and furnish him money in his business for his vote and support for the said office of sheriff, and did make him deputy after his election in pursuance of said promise; that while the said Walter was a candidate for said office, he furnished said McLure with money, and assisted him in procuring the same in pursuance of said promise, and paid the said McLure money to use in carrying the said election for him, for other purposes than for printing and travelling expenses, the dissemination of information to the public or for political meetings, demonstrations and conventions, or for any necessary and proper expenses expressly authorized by law, but for corrupt and illegal purposes in procuring his election; and the said Walter, while a candidate for said office, made other promises, and offered to give to the electors of said county of Butler, money, rewards and other valuable considerations for votes at his election; and did, wilfully and corruptly, use and pay money to a large amount, to wit: to the amount of five hundred dollars, to divers of the electors, whose names are unknown, of said county, for the purpose of securing and controlling the votes of said electors at the election, at which he was a candidate as aforesaid; and the said Walter, having taken the oath of office required by the constitution of the state of Pennsylvania, after he had been declared elected to the said office of sheriff, did then and there commit and was guilty of wilful and corrupt perjury, having committed and been guilty of the acts and offences first above alleged and charged, which in said oath, taken as aforesaid, he denied; whereby the said Walter has become, and is disqualified from holding said office of sheriff of the county of Butler, and since the said first Monday in January 1876, he has usurped and does usurp on the Commonwealth therein, to the great damage and prejudice of the constitution and laws thereof.''

To a rule to show cause why the writ of quo warranto should not issue the respondent filed a plea and answer, wherein the charges made in the suggestion were specifically denied.

After hearing, the court was of opinion that defendant should be legally adjudged guilty of the crimes charged in the information before proceedings could be instituted to remove him from office, and therefore discharged the rule ; but at the request of counsel for the Commonwealth, directed the writ to issue *pro forma* as of the date of the rule to show cause, and entered judgment quashing the writ.

To this judgment a writ of error was sued out by the Commonwealth, and the Supreme Court reversed the court below and awarded a *procedendo*, holding that a writ of quo warranto may issue against a public officer for bribery, fraud or wilful violation

[Commonwealth *ex rel.* Attorney-General *v.* Walter.]

of the election laws without a preliminary conviction for the offence, and that the question whether the offence had been committed may be tried in the proceeding under the quo warranto. See Commonwealth *v.* Walter, 2 Norris 105.

The record having been returned to the court below an amended suggestion and specifications were filed, which set forth the names of the parties to whom it was alleged corrupt promises were made, and the nature of the promises, and the case was at length fixed for trial on the 1st day of October 1877. On that day the respondent filed a demurrer to the whole of the information, and denied that it was sufficient in law. to compel him to plead or answer thereto or join issue thereon for the following reasons :—

1st. The charges of alleged promises to pay money, appoint to office, or some other valuable thing, are not an offence as charged.

2d. The charges of payment of money or appointment to office, or of some other valuable thing, are not sufficient, because the person or persons are not charged, named or alleged to have been electors, qualified to vote at said election. He therefore prayed judgment on said demurrer.

The plaintiff's counsel moved for leave to file an additional amendment, which the court, McJunkin, P. J., disallowed and entered judgment on the demurrer for the defendant.

. The Commonwealth then took this writ, assigning for error this entry of judgment. Subsequently to the taking out of the writ, the following certificate of the president judge was filed :—

"I, E. McJunkin, President Judge of the Court of Common Pleas of Butler county, in the Commonwealth of Pennsylvania, do hereby certify that the demurrer of respondent in this case was special to the question of whether the persons alleged to have been bribed, &c., were sufficiently charged as qualified electors of the county of Butler, or persons duly qualified to vote at that election, in the suggestion, and that the arguments of counsel on both sides related to this point exclusively, and that the judgment of the court was upon this point alone though seemingly general."

*S. H. Peirsol, Thomas Robinson* and *George Lear,* Attorney-General, for the Commonwealth.—Electors are those who have the right to vote, and it was not necessary, under the Act of 1860, to charge that they were "qualified electors." But the respondent has clearly violated the provisions of the Act of 1874, Pamph. L. 64, and there is no term of " electors" in that act. The charges relating to McLure aver that Walter made the promise to him for the purpose of securing his vote and influence. Does not this imply that he was a qualified elector ? It was also charged that respondent made other promises and offered to give to the electors of the county, money, rewards, and other valuable considerations for votes at his election, and the names of the parties, the character of the

[Commonwealth *ex rel.* Attorney-General *v.* Walter.]

promises and the moneys paid were also specified. Were not these averments made with sufficient certainty? This court should not only reverse the judgment of the court below, but should enter judgment of ouster against respondent with costs : Commonwealth *v.* Cross Cut Railroad, 3 P. F. Smith 62 ; Commonwealth *v.* Pittsburgh and Connellsville Railroad Co., 8 Id. 26. A demurrer admits the facts pleaded and merely refers the question of their legal sufficiency to the decision of the court : 1 Chitty on Pleading 692 ; Stephens on Pleading 82 ; Gould's Pleading, c. 9, s. 1 ; Weidel *v.* Roseberry, 13 S. & R. 178 ; Cummings *v.* Boyd, 2 Norris 372. The demurrer was general and was not regarded as special by any of the parties to the cause.

The progress of this case has been resisted by all the devices known to the law. Should it be sent back for further action, there is little probability that it would be reached until the office expired by lapse of time. A final judgment in favor of the Commonwealth, will go far to purify our political system, and to reassure citizens that whatever else may yield to evil influences the honest expression of the peoples' will shall obtain in the election of public officers.

*John M. Thompson, Charles McCandless* and *Lewis Z. Mitchell* for respondent.—The fact that Walter *promised* to appoint McLure was not a violation of the Act of 1874. It was the intention of that act to reach parties who bought votes, not those who made promises to secure them. Nor was this promise within the constitutional prohibition. The only other act is that of 1860, which requires that the electors must be " qualified" electors, and this fact must be specially pleaded. It is a penal statute and must be strictly construed, and an offer therefore made to one who was not a " qualified" elector, is not within the act, and there is no averment in the suggestion that McLure or any other of the parties alleged to have been corruptly approached, had the right to vote. The charge that money was paid to be used in carrying the election is not specific enough, and is insufficient in certainty of pleading. The suggestion utterly fails to charge any disqualifying act on the part of the respondent. In State *v.* Church, 5 Oregon 375, in a similar proceeding, and founded on a constitution and laws analogous to ours, it was charged that Church, while a candidate, offered, if elected, to pay $200 into the county treasury, and that by such offer he obtained seventy votes and thereby secured his election. The suggestion did not charge that any of the parties to whom the offers were made were taxpayers, and the court held that the suggestion was defective in that it did not state that they were taxpayers of the county.

The request made by the Commonwealth that this court shall overrule the demurrer and enter judgment of ouster against the respondent is certainly without precedent. If within the power of

the court, this power would not be exercised unless imperatively demanded by the circumstances. In this case all the surroundings forbid its exercise. The information and amendments specifying charges are answered by the respondent, and every act alleged and charged therein is denied under oath, and the answer contains the allegation that the suggestion does not sufficiently charge any offence with the plea of not guilty added. There is no precedent where judgment of ouster has been entered on demurrer where answer and plea were on file, and not withdrawn or attempted to be withdrawn. The demurrer may have been, and may now be, futile in fact, may, as a matter of law, never have had an existence; but the plea and answer of respondent are good in law, and will afford him his constitutional right of trial by jury before his property, rights and reputation can be swept from him.

Although the demurrer was general in form, it was special, and judgment of ouster should not, therefore, be entered.

[Chief Justice AGNEW.—Why did you not ask leave to make it special? The record, as it appears here, shows the demurrer to be general.]

A motion was made to quash the suggestion, which finally took the form of this special demurrer. It may have been too late to do this, the cause being at issue on the facts; but no objection was made, and the respondent's answer having set out that the suggestion was insufficient in law, the former demurrer, so called, was filed, and, though seemingly general, was special, and to this question alone, as certified by the learned judge of the Common Pleas, who presided at the trial. But if this court should be of opinion that we have made a technical mistake, will they not assume that to be done which ought to have been done, rather than render judgment of ouster of a man against whom nothing has been proved?

Mr. Justice PAXSON delivered the opinion of the court, November 22d 1877.

This was a writ of quo warranto, issued upon a suggestion filed by the Attorney-General of the Commonwealth, against George Walter, requiring him to show by what authority he holds and exercises the office, franchises, rights and privileges, and enjoys the emoluments of the office of high sheriff of the county of Butler. The suggestion avers that the said Walter, while a candidate for said office, "paid one John McLure money to use in carrying said election for him, for other purposes than for printing and travelling expenses, the dissemination of information to the public, or for political meetings, demonstrations and conventions, or for any necessary and proper expenses expressly authorized by law, but *for corrupt and illegal purposes in procuring his election.*" The suggestion then avers specific acts of corruption, and proceeds to charge that " the said George Walter, having taken

[Commonwealth *ex rel.* Attorney-General *v.* Walter.]

the oath of office required by the Constitution of the state of Pennsylvania after he had been declared elected to the said office of sheriff, did then and there commit and was guilty of wilful and corrupt perjury, having committed and been guilty of the acts and offences first above alleged and charged, which in said oath, taken as aforesaid, he denied; whereby the said George Walter has become and is disqualified from holding the said office of sheriff of the county of Butler, and since the first Monday of January, in the year of our Lord one thousand eight hundred and seventy-six, he has usurped and does usurp on the Commonwealth therein, to the great damage and prejudice of the constitution and laws thereof." An amended suggestion, and amended specifications were filed by leave of court, a reference to the details of which is unnecessary under the view we take of the case. Nor need we now allude to any of the subsequent proceedings in the cause until we come to the demurrer filed by the defendant on the first day of October 1877. Under the well-settled rules of law this demurrer was an admission of all the facts sufficiently pleaded. The demurrer was general. An attempt was made to show that it was special by a certificate of the learned judge of the court below, that it was only taken to a single point. The certificate was no part of the record, although filed in the cause, and it may well be questioned whether the unofficial declaration of the judge can be received to contradict his own record. It is, however, wholly immaterial, as we are unable to perceive any difference between a general and a special demurrer as to the admission of the facts. Both alike admit the facts well pleaded. We are, therefore, brought to a consideration of the sufficiency of the suggestion.

The law of the case will be found in section 9 of article 8 of the constitution, and the Act of 18th of April 1874, Pamph. L. 64. The constitutional provision is as follows: "Any person who shall, while a candidate for office, be guilty of bribery, fraud, or wilful violation of any election law, shall be for ever disqualified from holding an office of trust or profit in this Commonwealth; and any person convicted of wilful violation of the election laws, shall, in addition to any penalties provided by law, be deprived of the right of suffrage absolutely for a term of four years." The act of 1874, after defining, in the first section, what shall be considered legal election expenses, provides that "nothing contained in this act shall be so construed as to authorize the payment of money or other valuable thing for the vote or influence of any elector, either directly or indirectly, at primary, township, general or special elections, nominating conventions, or for any corrupt purposes whatever incident to an election; and all judicial, state, county and municipal officers hereafter elected shall, before entering upon the duties of their respective offices, take and subscribe the oath prescribed by section first, of article seven of the constitution of this Com-

[Commonwealth *ex rel.* Attorney-General *v.* Walter.]

monwealth." The averment in the suggestion that the defendant paid money to John McLure other than for the legal expenses provided for in the Act of 1874, but "for corrupt and illegal purposes in procuring his election," sufficiently charges a violation of said act. The only expenses recognised by law are, 1st, printing and travelling expenses; 2d, for dissemination of information to the public; and 3d, for political meetings, demonstrations and conventions. Beyond these authorized expenditures a candidate for office may not go. The Act of 1874 declares that a candidate for either a nomination or an election shall not pay or contribute, either directly or indirectly, any money or valuable thing, or knowingly allow it to be done by others for him, either for the nomination, election or appointment, except for the three purposes above specified. We think, therefore, that the averment in the suggestion that money was paid, not for the legal objects designated, but for corrupt and illegal purposes in procuring his election, brought the defendant within the prohibition of the constitution and the penalties of the Act of 1874. It follows that the court below erred in sustaining the demurrer.

It remains to consider whether we ought to enter final judgment. If the defendant had demurred promptly there would have been much force in the suggestion pressed upon us at the argument that we should give judgment of *respondeat ouster*. But the Commonwealth has been greatly delayed. This case was here a year ago upon another point. We then heard no word of any defect in the suggestion. The judgment was reversed November 24th 1876, and a *procedendo* ordered. It was not until October 1st 1877, the day upon which the case was ordered for trial, that the demurrer was put in. This delay was calculated to baffle the Commonwealth and seriously protract the proceedings. If we now allow the defendant to withdraw his demurrer it is not probable the case will be disposed of during his term of office. We cannot permit him to practically defeat this inquiry in this manner. He has had an ample opportunity of having his case passed upon by a jury if he desired it. Having, after great delay, interposed a demurrer, he must be held to all its legal consequences. The Commonwealth is entitled to final judgment.

What judgment is it our duty to give? The section of the constitution above cited provides, as we have seen, that any person who shall, while a candidate for office, be guilty of a wilful violation of any election law, "shall be for ever disqualified from holding an office of trust or profit in this Commonwealth." The entry of judgment for the Commonwealth upon the demurrer is conclusive upon the defendant that he has wilfully violated the election law of 18th of April 1874. It follows that the disqualification of the constitution attaches, and that he is "for ever disqualified from holding an office of trust or profit in this Commonwealth." He, there-

[Commonwealth *ex rel.* Attorney-General *v.* Walter.]

fore, fills an office he is disqualified from holding by the very terms of the constitution, and he must be ousted therefrom.   This may seem severe, but it is just.   The constitutional provision and the Act of 1874 were intended to preserve the purity of the ballot, and must be sternly enforced.

> The judgment is reversed, and judgment is now entered here for the Commonwealth upon the demurrer; and it is further ordered and adjudged by the court that the defendant, George Walter, be, and he hereby is, ousted from the office of high sheriff of Butler county, and from the franchises, rights, privileges and emoluments thereof.

Subsequently, a motion was made for a re-argument, which was refused; the following opinion being delivered on the 10th day of January 1878:

PER CURIAM.——A rule for a re-argument of this case would do the defendant no good.   We are of the same opinion as we were when judgment of ouster was given.   The real purpose in this application is to open the judgment and obtain an order of this court remanding the record to the Court of Common Pleas of Butler county for a trial by jury.   This, however, it would be improper to do.   Such a practice would lead to great delay, and would encourage men in desperate or doubtful cases to appear to stand aloof from their counsel, plead ignorance of law, take the chance of a decision in their favor in this court, and failing in that, to have the record remitted for a trial of the facts.   If, as the defendant swears, the demurrer was against his judgment and protest, he ought to have controlled his counsel, in a matter so important to his interests.   Not doing this he certainly ought to have applied to this court to permit him to take back the record for a trial of the facts, before arguing his case upon the demurrer and taking his chance of this decision in his favor.   If counsel make a fatal mistake, the remedy of the client is an appeal to the discretion and sense of justice of the court for relief, and not to persist in the error by argument.

The decision in this case is a warning of vast importance to the electors and people of this state, and we feel that it should be sustained by us, instead of impairing its force, by an apparent retrograde movement on our part.

Motion for a re-argument refused, and record ordered to be remitted to the court below.