## Folcroft Borough v. Lenhart. No. 1.

*Harold L. Ervin*, borough solicitor, for plaintiff.

*Clement E. McGovern* and *William J. MacCarter, Jr.*, for defendant.

MacDADE, J., April 5, 1930.—A municipal lien was filed on Feb. 3, 1927, by the plaintiff against the defendant for one-half interest in and right of user

of a sewer constructed by the Borough of Glenolden, acquisition thereof being obtained by purchase by the plaintiff under the Act of May 14, 1915, P. L. 312, as amended by the Act of July 6, 1917, P. L. 704, in the 15th section of which it is provided: "Whenever any borough has constructed, wholly or partially, any sewer or sewer system or has acquired the same at public expense, the council of such borough may provide by ordinance for the collection of an annual rental or charge for the use of such sewer or sewer system from the owners of property served by it. Such council may, at their discretion, in lieu of such annual rental or charge, provide for the payment by the owners of a fixed sum," and which section further provides: "Such annual rental or charge, or such fixed sum, shall be authorized and collected as provided by general ordinances, and when so levied and charged shall be a lien on the properties charged," and under Ordinance No. 43 of the plaintiff, the title of which is set forth in the lien.

It appears, therefore, that the Borough of Folcroft, plaintiff herein, acquired one-half interest in a sewer from the Borough of Glenolden; that it provided by ordinance for the payment of a fixed sum in lieu of an annual rental, as provided by the Act of 1917, *supra;* that it assessed the "fixed sum" against the property served by the sewer by Ordinance of Oct. 18, 1926, and provided for the collection of the amount of the assessment by the filing of liens. It appears from the record that the claim was filed within six months of the "acquisition" of the sewer.

The sewer in question, prior to the year 1926, was maintained by the Borough of Glenolden in a public highway known as Primos Avenue or Oak Lane. The boundary line separating the Borough of Folcroft from the Borough of Glenolden lies in the bed of the said public highway. Negotiations were instituted by the Borough of Folcroft looking to the acquisition by purchase of a one-half interest in and right of user of the sewer constructed by the Borough of Glenolden. The borough engineer determined the cost of the acquisition of the sewer and the proportionate amount thereof to be borne by each of the properties served thereby. On Oct. 18, 1926, the Borough of Folcroft enacted an ordinance, No. 43, purchased a one-half interest in said sewer for the sum of $1676.16, therein expressed, and the cost thereof was assessed against the premises served by the sewer. Prior to the expiration of the period of six months after the acquisition of the sewer, liens were filed against three premises, the owners of which had not paid the amount of the assessment. One of the said liens was filed against the premises of the defendant above named.

The claimant in the above entitled case caused to be issued a writ of *scire facias* upon the municipal lien filed herein. The defendant filed an affidavit of defense in the nature of a demurrer, which is as follows:

"1. Said lien shows on its face that it was not filed within six months after the completion of the work, as required by the Act of May 16, 1923, P. L. 207, and by the Act of May 14, 1915, P. L. 312, their respective supplements and amendments, under which it is filed.

"2. Said lien shows on its face that it was not filed within six months after the completion of the improvement, as required by the Act of 1923, P. L. 207, and by the Act of 1915, P. L. 312, their supplements and amendments, under which it is filed.

"3. Said lien was filed without authority of law, in that the Act of 1915, P. L. 312, as amended, does not authorize or permit filing of such lien for the adoption of the sewer of another municipality by a borough and assessment therefor by the front-foot method."

The filing of a demurrer admits all the relevant facts properly pleaded: Com. v. Walter, 86 Pa. 15; Wildee v. McKee, 111 Pa. 335; Keefer v. The Lancaster, &c., Journal, 6 D. & C. 73.

It is then to be assumed that the defendant admits the truth of the statements contained in the writ of scire facias and the municipal lien upon which it is based.

We have inspected the municipal lien and it seems to conform strictly to the Act of Assembly of May 16, 1923, P. L. 207, and with the provisions of other acts of assembly in such case made and provided. Indeed, it must so conform: Philadelphia v. Richards, 124 Pa. 303, which holds that a lien upon a municipal claim, being of purely statutory creation, if the claim does not aver upon its face all the facts necessary to sustain its validity, it may be summarily stricken off on motion.

Therefore, in conclusion, we shall consider seriatim the exceptions filed as aforesaid.

1. The defendant contends that the lien shows on its face that it was not filed within six months after the "completion of the work." Reference to the lien discloses in the 5th paragraph thereof that "The date of the acquisition of the said sewer for which this claim is filed is October 18, 1926." And, further, "the assessment having been made after the acquisition of the improvement." The notation of the prothonotary as to the date of filing endorsed upon the claim shows conclusively that the claim was filed within six months thereafter.

2. That it shows on its face that it was not filed within six months of the "completion of the improvement."

We answer this as we have the first exception.

3. The defendant's contention is directed to the authority of a municipality to file a lien for the adoption of the sewer of another municipality and the assessment therefor by the front-foot method. However true this may be when stated in the language of the defendant, it will be seen from reading the averments in the claim filed that the lien is sought not for the adoption of a sewer, but for the acquisition of a one-half interest and right of user in a sewer.

As we have said heretofore and we now reiterate, the Borough of Folcroft, by its Ordinance No. 43, the title of which is set forth in the 4th paragraph of the claim, authorized the acquisition of a one-half interest in a certain sewer owned by the Borough of Glenolden, and provided for the assessment of the cost thereof. The authority for the borough to assess the cost of the acquisition of the said sewer upon the abutting properties is found in an amendment to the Act of May 14, 1915, P. L. 312, approved July 6, 1917, P. L. 704, in the 15th section thereof, supra.

We, therefore, conclude that the said Borough of Folcroft has fully complied with the requirements of the Borough Code of 1915, as amended by the Act of July 6, 1917, P. L. 704, and conformed to the procedure as set forth in the Municipal Lien Act of May 16, 1923, P. L. 207.

These exceptions should be dismissed and the defendant compelled to file an affidavit of defense upon the merits, and in order to carry into effect our determination herein, we make the following

*Order.*

And now, April 5, 1930, the matter of an affidavit of defense in lieu of demurrer coming on to be heard by the court in banc, by oral argument and briefs, after due consideration, the court doth order and decree that the excep-

tions filed be and they are hereby dismissed, the questions of law raised are not sustained, and the defendant be and he is hereby directed and ordered to file his affidavit of defense to the said municipal lien within fifteen days from notice of this order, or judgment *sec. reg. et sec. leg.*