## Commonwealth ex rel. v. DeLeo et al.

*Maxwell Pestcoe,* for relators.
*Frank J. Marolla,* for respondents.

FLOOD, J., May 7, 1938.—This is an action of quo warranto.

Relators' suggestion avers that the New Deal Democratic Club of the Forty-third Ward of Philadelphia is a social club, the bylaws of which provide that its membership shall be restricted to persons who are registered in the Democratic Party. The bylaws further provide that they may be amended only by a two-thirds vote of the membership after a majority of the members have at a previous meeting approved the change.

The suggestion further avers that some 63 persons who were not registered in the Democratic Party were admitted to membership over the protest of relators, or some of them; that subsequently these persons so admitted were permitted to vote for respondent, Joseph De Leo, again over the protest of relators, or some of them; that the vote was recorded as 63 for De Leo and 27 for relator Pontarelli; that if the votes of the persons who are ineligible because they were not registered as Democrats, or were not citizens, and therefore not entitled to be registered as Democrats, are eliminated, all the remaining votes, being 27 in number, are recorded for Pontarelli, and Pontarelli is therefore entitled to hold the office of president of the club.

It is further alleged that De Leo himself was not registered in the Democratic Party at the time of his election, and therefore was not entitled to hold the office of president since he was not properly a member.

Relators seek judgment of ouster against De Leo and a decree that relator Pontarelli is entitled to hold the office of president until his successor is lawfully elected.

Respondent has demurred to the suggestion, setting forth five reasons, which may be briefly summarized as follows:

1. The voters at the election complained of were legally entitled to vote, and therefore respondent was duly elected.

2. The bylaw provision restricting membership to those registered in the Democratic Party was waived.

3. Said bylaw is illegal and contrary to the Constitution of the United States and of this Commonwealth.

4. The bylaw is illegal as being inconsistent with the articles of incorporation.

5. Under the facts set forth in the suggestion, respondent is rightfully holding office under the authority of the articles, constitution, and bylaws of the club, and the laws of this Commonwealth.

The demurrer must be overruled.

Considering first respondent's third reason, one lower court precedent is cited supporting the principle that an organization confined to persons registered in one political party is against public policy: In re Monroe Republican Club, 6 Dist. R. 515 (C. P. Allegheny, 1897). I fail to understand the reason for that decision, which is very briefly stated, and am impressed with the reasoning in the cases of In re Forty-seventh Ward Republican Club, 17 Dist. R. 509 (C. P. Phila., 1908), and In re Charters of the Central Democratic Assn., etc., 19 Phila. 317 (1889). There is no prohibition against such restrictions in the Nonprofit Corporation Law of May 5, 1933, P. L. 289, 15 P. S. §2851-1 et seq. which is broader in scope than the Act of April 29, 1874, P. L. 73, under which the Monroe decision was rendered. Nor do we know of any public policy against such restriction. In our view, organizations to stimulate interest in public affairs are to be commended rather than discouraged.

Respondent's fourth reason is also without merit. The fact that the articles of incorporation do not mention the restriction in question does not prevent the members themselves from creating such a restriction by their constitution or bylaws when such restriction is not against public policy.

The respondent's first, second, and fifth reasons may be considered together. In effect, his contention is that the bylaw provisions restricting membership to those reg-

istered in the Democratic Party were waived by the admission of the members whose votes are questioned by a majority of the members of the club present at the meeting. This is clearly an untenable position. The purpose of bylaws is not merely to regulate the conduct of the club, but also to protect minorities in the membership from certain acts on the part of a mere majority, such acts being normally confined to those which, in effect, would change the character or essential purposes of the organization. Therefore, bylaw provisions of the latter character can never be waived by informal majority action without proper notice. Indeed, it is doubtful whether they could be waived in any manner except perhaps by a unanimous vote of all the members of the organization. A definite method for amending the bylaws is provided and must be adhered to in such matters, especially where, as here, there was an instant protest by the minority. See Bagley v. Reno Oil Co., 201 Pa. 78 (1902).

Proceedings in quo warranto are not governed by the Practice Act of May 14, 1915, P. L. 483, 12 PS §382 et seq. Therefore, a demurrer to the suggestion, under the common law, admits all the facts alleged therein. Consequently, when the demurrer is overruled, judgment may be entered at once for relators: Act of June 14, 1836, P. L. 621, sec. 9, 12 PS §2029; Commonwealth ex rel. v. Walter, 86 Pa. 15 (1877). I am the more ready to do this because from the briefs and from the oral arguments, both on this writ and on the bill in equity which preceded the issuance of the writ, it is clear that the facts set forth in the suggestion are substantially correct. Therefore, a judgment of ouster will be entered against respondent at once.

Furthermore, it appears in the pleadings that all persons entitled to vote at the election for president held on December 1, 1937, voted for relator Pontarelli. Therefore, the judgment will include a decree that relator was duly elected president and is entitled to occupy that office:

Act of April 13, 1840, P. L. 319, sec. 13, 12 PS §2040; Commonwealth ex rel. v. Kelly, 2 Westm. 81 (1912).

And now, May 7, 1938, judgment of ouster is entered against respondent Joseph De Leo, and relator Emilio Pontarelli is declared to be the duly elected president of New Deal Democratic Club of the Forty-third Ward of Philadelphia, to hold office until his successor is duly and lawfully elected; respondent to pay the costs.